McTAVISH, FROBISHER, et al. *against* DENNING.

A witness cannot be compelled to disclose any confidential communication made to him as counsel in any cause then actually commenced, or expected to be commenced. But terms of compromise, offered by him to the creditors of his client, are not confidential, and must be disclosed.

THIS was an action on several foreign bills of exchange.

Plea, non-assumpsit and statute of limitations.

To show an acknowledgment of the debt, within six years, the plaintiffs' counsel called a witness who had, within that time, as the agent of the defendant, made certain propositions of compromise to the plaintiffs and the other creditors of the defendant.

The witness refused to answer the question "whether such propositions had been made by him or not?" alleging that he was, at that time, attorney and counsel for the defendant, and acting as such. It appeared that, at the time when these propositions were alleged to have been made, this suit was not pending, and that the witness was not employed by the defendant as counsel in this suit after its commencement.

The plaintiffs contended that he was not privileged from answering the question proposed to him; because, in making the offer for a compromise, he merely acted as the friend and agent of the defendant, and was out of the line of his professional duties, and cited 1 Macnally's Evidence, 240.

McTavish et al. v. Denning.

SPENCER, J.   The witness must answer the question pro-
posed to him.   The compromise was not a matter confiden-
tial in its nature, but was made public by communication
to the creditors.   He is exempted from disclosing any con-
fidential communications made to him as counsel in any
cause then actually commenced or expected to be com-
menced.   Vide Phillips' Law of Ev. 192.

*Hopkins* and *Radcliff*, for plaintiffs.(1)

*Pendleton*, for defendant.

(1) Vide *post*, *Mount* v. *Bogert*, and the note to that case; also, Anshon's
Law Student, 213.